979 P.2d 1106

**STATE of Hawai'i, Respondent–Appellee,**

v.

**Brandon SILVA, Petitioner–Appellant.**

**No. 21392.**

Supreme Court of Hawai'i.

July 7, 1999.

---

Theodore Y.H. Chinn, Deputy Public Defender, for the petitioner-appellant-defendant Brandon Silva on the writ.

MOON, C.J., KLEIN, LEVINSON, NAKAYAMA, and RAMIL, JJ.

## PUBLISHED ORDER

Upon review of the application for a writ of certiorari filed by the petitioner-appellant-defendant Brandon Silva, the briefs, and the record in the present matter, we affirm the

circuit court's judgment, guilty conviction, and sentence. Moreover, we agree with the result reached in the published decision of the Intermediate Court of Appeals (ICA) in *State v. Silva,* 91 Hawai'i 111, 979 P.2d 1137 (App.1999) (hereinafter, "the ICA majority's opinion"). We granted the application for a writ of certiorari in order to note that we, like Judge Acoba, who filed a separate opinion concurring in the result reached by the ICA majority's opinion, do not read the ICA majority's opinion as generally allowing the police to prolong the detention of individuals subjected to brief, temporary investigative stops—once such stops have failed to substantiate the reasonable suspicion that initially justified them—solely for the purpose of performing a check for outstanding warrants. *See United States v. Sharpe,* 470 U.S. 675, 682, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985) (noting that the test for the constitutional validity of an investigative stop is " 'whether the officer's action was justified at its inception and whether it was *reasonably related in scope to the circumstances which justified the interference in the first place* ' " (quoting *Terry v. Ohio,* 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)) (emphasis added)); *Dunaway v. New York,* 442 U.S. 200, 207–08, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979) (noting that, "[b]ecause *Terry* involved an exception to the general rule requiring probable cause, this court has been careful to maintain its narrow scope"); *In re Doe, Born on May 5, 1977,* 77 Hawai'i 435, 442, 887 P.2d 645, 652 (1994) (holding that "searches or seizures in the school context must be reasonable under all the circumstances and must be (a) justified at their inception and (b) *reasonably related in scope to the circumstances which justified the interference in the first place* " (emphasis added)); *State v. Ortiz,* 67 Haw. 181, 184–85, 683 P.2d 822, 826 (1984) (holding that "a protective weapons search must be 'reasonably related in scope to the circumstances which justified the interference in the first place' " (quoting *Terry,* 392 U.S. at 20, 88 S.Ct. 1868)); *State v. Kaluna,* 55 Haw. 361, 369, 520 P.2d 51, 58–59 (1974) ("In our view, the right to be free of 'unreasonable' searches and seizures under article I, section [7] of the Hawaii Constitution is enforceable by a rule of reason which requires that governmental intrusions into the personal privacy of citizens of this State be no greater in intensity than absolutely necessary under the circumstances." (Footnote omitted.)); *State v. Goudy,* 52 Haw. 497, 503, 479 P.2d 800, 804 (1971) ("[A]n investigative action which is reasonable at its inception may violate the constitutional protection against unreasonable searches and seizures by virtue of its intolerable intensity and scope." (Citing *Terry.*)). Subject to the foregoing clarification, the ICA majority's opinion is affirmed.